



EXHIBIT A

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
October 20, 2021 11:41 AM
    AFTAB PUREVAL
   Clerk of Courts
  Hamilton County, Ohio
CONFIRMATION 1121520
```

**ANNETTE BOMMARITO**       **A 2103651**

vs.

**MACYS RETAIL HOLDINGS LLC**

**FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND**

## PAGES FILED: 5

EFR200



VERIFY RECORD

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

1450 ARROWHEAD DRIVE
MAUMEE, OH 43537

## IN THE COMMON PLEAS COURT OF HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **ANNETTE BOMMARITO**<br>5921 West Michigan Avenue, Unit B2<br>Saginaw, MI 49638 | * | Case No. |
| | * | Judge |
| Plaintiff, | * | |
| vs. | * | **COMPLAINT WITH JURY DEMAND<br>ENDORSED HEREON** |
| **MACY'S RETAIL HOLDINGS, LLC**<br>c/o Corporate Creations Network Inc.<br>119 East Court Street<br>Cincinnati, OH 45202 | *<br>*<br>* | Michael D. Bell (#0071325)<br>**GALLON, TAKACS &<br>BOISSONEAULT CO., L.P.A.**<br>mbell@gallonlaw.com |
| and, | * | 1450 Arrowhead Drive<br>Maumee, OH 43537 |
| **JOHN DOE NUMBER ONE,** whose<br>present name and address remain unknown | * | (419) 843-2001<br>(419) 843-8022 fax<br>Attorney for Plaintiff |
| Defendants. | * | |

Now comes Plaintiff, by and through counsel, and states that this action was originally filed in this Court and was assigned to Judge Leslie Ghiz, with case number A 20 03268, and is being refiled pursuant to a Stipulation of Dismissal filed on October 21, 2020. Plaintiff, by and through counsel, for her Complaint, states and avers as follows:

### GENERAL ALLEGATIONS

1. At all relevant times, Plaintiff Annette Bommarito resided in Saginaw, Saginaw County, Michigan.

2. At all relevant times, Defendant Macy's Retail Holdings, LLC ("Macy's"), and/or John

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

1450 ARROWHEAD DRIVE
MAUMEE, OH 43537

Doe Number One operated, controlled, leased, managed and/or maintained the property located at 7875 Montgomery Road Stop 1, Cincinnati, Hamilton County, Ohio. Any reference to Defendant Macy's and/or John Doe Number One will include references to the owners, agents, lessors, lessees, servants, and/or employees who, at all pertinent times thereto, were acting within the course and scope of their employment.

3. On or about September 19, 2018, Plaintiff Annette Bommarito was a business invitee and was lawfully on the premises owned or operated by Defendant Macy's and/or John Doe Number One.

4. At the same time and location, Plaintiff Annette Bommarito was traversing the store while shopping with her daughter, after purchasing a comforter from the store.

5. At the same time and location, a pool of clear liquid had formed and/or been spilled and/or otherwise caused to be present on the tile floor in the area in which Plaintiff was walking.

6. Defendant Macy's and/or John Doe Number One's agents and/or employees had constructive knowledge and/or notice of the pool of clear liquid and/or were otherwise aware of its presence and did not clean and/or cordon off the area in order to adequately warn its business invitees and/or otherwise protect invitees like Plaintiff.

7. At the same time and location, without reasonable removal of the clear liquid or adequate warning of its presence, Plaintiff stepped into the liquid, which caused her to slip and fell backwards onto the tile floor, causing her to suffer permanent and severe injuries and damages.

8. At the same time and location, there was inadequate and/or insufficient warning and/or notice of any defect on the property, which would adequately warn Plaintiff of the

2

hazard.

9. Plaintiff was unaware that the floor was slippery until she was already in the liquid on the tile floor, at which point she immediately fell, inside of the Macy's store.

10. The substance on the tile floor was not visible upon a casual inspection as it was clear and substantially similar to the tile floor coloring.

11. As a result of the inadequate and/or insufficient warning to Macy's business invitees, Plaintiff could not have been aware of the slippery floor before the fall and, in spite of taking reasonable care while walking, could not have avoided the fall.

### COUNT ONE

12. Plaintiff re-alleges and incorporates by reference the above paragraphs as if the same were fully set forth herein.

13. At all relevant times, a property owner/lessee/operator owes invitees a duty to exercise ordinary care and to protect invitees by maintaining the premises in a safe condition, including, *inter alia*, the duty to conduct reasonable inspections of the premises to uncover hidden dangers and/or the duty to adequately warn of any defects.

14. On or about September 19, 2018, Defendant Macy's and/or John Doe Number One as owner/lessee/operator of the property located at 7875 Montgomery Road Stop 1, Cincinnati, Hamilton County, Ohio, breached its duty to exercise reasonable care to Plaintiff Annette Bommarito in ways which include, but are in no way limited to:

   a. By violating the duty to keep the premises safe for invitees;
   b. By carelessly and/or negligently allowing a dangerous condition, a pool of clear liquid, to exist on a floor traversed by invitees when the clear liquid was neither open nor obvious on the premises.
   c. By authorizing and/or creating and/or maintaining and/or suffering to exist a nuisance, a pool of clear liquid, on the premises which was negligently allowed to continue;

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

1450 ARROWHEAD DRIVE
MAUMEE, OH 43537

3

E-FILED 10/20/2021 11:41 AM / CONFIRMATION 1121520 / A 2103651 / COMMON PLEAS DIVISION / IFOJ

d. By failing to adequately warn Plaintiff Annette Bommarito of the dangerous and/or unsafe and/or defective condition of the premises of which it was aware, or in the exercise of reasonable care should have been aware, and of which Plaintiff was unaware; and,

e. By knowingly authorizing and/or creating and/or maintaining and/or suffering to exist an unreasonably dangerous condition.

15. As a direct and proximate result of Defendant Macy's and/or John Doe Number One's negligence, Plaintiff Annette Bommarito suffered severe and permanent injuries and damages, including, but not limited to:

a. A torn rotator cuff, injuries to her neck, headaches, and dizziness;
b. Medical expenses, past and future;
c. Lost wages, past and future;
d. Pain and suffering, past and future; and,
e. Loss of enjoyment of life, past and future.

**WHEREFORE**, Plaintiff respectfully prays for judgment on the above mentioned Counts against Defendant in a sum of money in excess of Twenty-Five Thousand Dollars and No Cents ($25,000.00), plus costs and expenses incurred hereon, prejudgment interest at the highest statutory rate allowed from the time that Plaintiff's cause of action accrued, court costs, and such other relief as the Court deems just and equitable.

Respectfully submitted,

**GALLON, TAKACS & BOISSONEAULT CO., L.P.A.**

By: /s/ Michael D. Bell
     Michael D. Bell
     Attorney for Plaintiff

4

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

1450 ARROWHEAD DRIVE
MAUMEE, OH 43537

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable in this action.

        Respectfully submitted,

        **GALLON, TAKACS &**
        **BOISSONEAULT CO., L.P.A.**


        By: /s/ Michael D. Bell
             Michael D. Bell
             Attorney for Plaintiff

Law Offices of
GALLON, TAKACS & BOISSONEAULT
CO., L.P.A.

1450 ARROWHEAD DRIVE
MAUMEE, OH 43537

5

E-FILED 10/20/2021 11:41 AM  /  CONFIRMATION 1121520  /  A 2103651  /  COMMON PLEAS DIVISION  /  IFOJ